## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| BRAL CORPORATION,<br><br>                              Plaintiff,<br><br>             v.<br><br>UNITED STATES,<br><br>                              Defendant. | Court No. 20-00154 |

### COMPLAINT

Plaintiff, BRAL Corporation ("BRAL"), by and through undersigned counsel, alleges and states as follows:

### CAUSE OF ACTION

1. This action is brought to contest the denial by United States Customs and Border Protection ("CBP") of plaintiff's protests concerning the assessment of duties on twelve (12) entries of plywood imported at the Port of Cleveland, Ohio.

### JURISDICTION AND STANDING

2. Plaintiff, BRAL, is the importer of record of the merchandise which is the subject of this Complaint and is the real party in interest in this case.

3. Plaintiff timely protested the valuation of its merchandise in liquidation. The protests were denied on the dates shown in the Summons for this action.

4. All liquidated duties, taxes and fees were paid prior to the commencement of this action.

5. The summons for this civil action was timely filed.

6. This Court has exclusive subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1581(a).

## STATEMENT OF FACTS

7. The merchandise subject to this action is three-quarter inch thick melamine coated marine grade eucalyptus plywood from China.

8. The subject plywood was purchased and imported by BRAL for resale to Transglobal Door Inc.

9. Transglobal manufactures roll-up doors for the transportation industry. These doors are used on the rear and sides of trucks and trailers. To be suitable for this purpose, the doors must not deteriorate when exposed to salt spray, rain and ultra-violet light.

10. The purchase orders issued by Bral to the plywood manufacturer specified that the plywood and the melamine coating must withstand exposure to salt spray, rain and ultra-violet light.

11. The subject plywood in its imported condition was defective in that the melamine coating separated from the plywood after minimal exposure to the elements. This was a latent defect that was discovered only after Bral had delivered some of the product to Transglobal. Subsequent testing by Bral confirmed the presence of this defect.

12. The plywood can only be sold for salvage because of this defect and because some of the plywood was pre-cut at the time of import into the widths required by Transglobal.

13. The salvage value is 18% of the original value as based on the lowest wholesale prices of similar non-marine grade plywood products.

14. The subject plywood was subject to an *ad valorem* duty rate of 8% at the time of entry.

15. The merchandise was also subject to the *ad valorem* merchandise processing and harbor maintenance fees at the time of entry.

16. The subject plywood was also subject to *ad valorem* antidumping duties ("AD") and countervailing duties ("CVD") under cases A-570-051 and C-570-052, respectively, at the time of entry.

## **COUNT I**

17. Paragraphs 1 through 16 are adopted and incorporated herein by reference.

18. In liquidation, CBP appraised the merchandise on the basis of transaction value pursuant to 19 U.S.C. 1401a(a)(1)(A) at a total value of $762,336 and assessed the *ad valorem* duties and fees on that appraised value.

19. Section 158.12(a) of the Customs Regulations (19 C.F.R. § 158.12(a)) provides that—

> Merchandise which is subject to ad valorem or compound duties and found by the port director to be partially damaged at the time of importation shall be appraised in its condition as imported, with an allowance made in the value to the extent of the damage.

20. The allowance made in the value to the extent of the damage provided for in Section 158.12(a) of the Customs Regulations applies to latent defects discovered in the imported merchandise whenever that damage is discovered.

21. In its protests, plaintiff provided evidence that the latent defect existed in the merchandise at the time of importation and that the defect rendered the merchandise useless for its intended purpose.

22. CBP erred by not granting an allowance in value by reducing the appraised value to 18% of the original value of the merchandise and by not assessing *ad valorem* duties and fees on the reappraised value of the merchandise.

**PRAYER FOR RELIEF**

WHEREFORE, BRAL requests this Court to enter judgment in favor of plaintiff, and directing the Port Director at the Port of Cleveland, Ohio to reliquidate the subject entries with an allowance in value by reducing the appraised value to 18% of the original value of the merchandise; and to reliquidate the subject entries with an assessment of *ad valorem* duties and fees on the reappraised value of the merchandise; and to refund to plaintiff all excess duties and fees paid, plus interest as required by law; and providing plaintiff with such further and additional relief as the Court may direct.

                                                                             Respectfully submitted,

                                                                             */s/ R. Kevin Williams*
                                                                             R. Kevin Williams
                                                                             CLARK HILL PLC

                                                                             130 E. Randolph Street, Suite 3900
                                                                             Chicago, IL 60601
                                                                             (312) 985-5907
                                                                             kwilliams@clarkhill.com

Dated: February 16, 2021