UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| BRAL CORPORATION, | : | |
| | : | |
| | : | |
| Plaintiff, | : | Court No. 20-00154 |
| | : | |
| v. | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |

## <u>ORDER</u>

Upon consideration of defendant's partial motion to dismiss, other papers on file, and upon due deliberation, it is hereby

**ORDERED** that defendant's motion be and is hereby is granted; and it is further

**ORDERED** that Entry No. 949-0008813-2 is severed from this action, and all claims identified in the complaint related to this entry are dismissed.

_____
JUDGE

Dated: _____
       New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE

————————————————————————

| | |
|---|---|
| BRAL CORPORATION, | : |
| | : |
| | : |
| Plaintiff, | :      Court No. 20-00154 |
| | : |
| v. | : |
| | : |
| UNITED STATES, | : |
| | : |
| Defendant. | : |

————————————————————————

## <u>DEFENDANT'S PARTIAL MOTION TO DISMISS</u>

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of International Trade, defendant respectfully requests that this Court sever Entry No. 949-0008813-2 from this action, and dismiss all claims related to this entry.  The reasons for our motion are set forth in the accompanying memorandum.

WHEREFORE, defendant respectfully requests that an order be entered granting defendant's partial motion to dismiss and granting defendant such other and further relief as may be just and appropriate.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Justin R. Miller
JUSTIN R. MILLER
Attorney-in-Charge
International Trade Field Office

Of Counsel:                          /s/ Alexander Vanderweide
Sabahat Chaudhary                    ALEXANDER VANDERWEIDE
Office of Chief Counsel              Senior Trial Attorney
U.S. Customs & Border Protection     Department of Justice, Civil Division
                                     Commercial Litigation Branch
                                     26 Federal Plaza, Room 346
                                     New York, New York 10278
                                     Tel. (212) 264-9230 or 0482
                                     Attorneys for Defendant

May 3, 2021

2

UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| BRAL CORPORATION, | : | |
| | : | |
| | : | |
| Plaintiff, | : | Court No. 20-00154 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## **DEFENDANT'S MEMORANDUM IN SUPPORT OF THE PARTIAL MOTION TO DISMISS**

BRIAN M. BOYNTON
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

JUSTIN R. MILLER
Attorney-in-Charge
International Trade Field Office

Of Counsel:
Sabahat Chaudhary
Office of Chief Counsel
U.S. Customs & Border Protection

ALEXANDER VANDERWEIDE
Senior Trial Attorney
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
Tel. (212) 264-9230 or 0482
Attorneys for Defendant

May 3, 2021

## TABLE OF CONTENTS

BACKGROUND ................................................................................................................... 1

ARGUMENT ....................................................................................................................... 3

    I.      STANDARD OF REVIEW ............................................................................... 3

    II.     THE COURT LACKS JURISDICTION OVER ENTRY NO. 949-0008813-2 ......... 3

CONCLUSION.................................................................................................................... 8

## TABLE OF AUTHORITIES

### Cases

*Am. Power Pull Corp. v. United States*,
   121 F. Supp. 3d 1296 (Ct. Int'l Trade 2015) ............................................................ 2

*Commonwealth Oil Refining Co. v. United States*,
   67 Cust. Ct. 155, 332 F. Supp. 203 (1971) .............................................................. 7

*Indus. Chemicals, Inc. v. United States*,
   335 F. Supp. 3d 1327 (Ct. Int'l Trade 2018) ........................................................... 4

*JCM Ltd. v. United States*,
   210 F.3d 1357 (Fed. Cir. 2000).............................................................................. 3

*Juice Farms, Inc. v. United States*,
   68 F.3d 1344 (Fed. Cir. 1995)............................................................................... 6

*Mitsubishi Elecs. Am. v. United States*,
   865 F. Supp. 877 (Ct. Int'l Trade 1994) ............................................................. 6, 7

*Omni U.S.A., Inc. v. United States*,
   840 F.3d 912 (Fed. Cir. 1988)............................................................................ 6, 7

*Pentax Corp. v. Robinson*,
   125 F.3d 1457 (Fed. Cir. 1997), *modified in part*, 135 F.3d 760 (Fed. Cir. 1998).................... 3

*Scheuer v. Rhodes*,
   416 U.S. 232 (1974).......................................................................................... 3

*Steel Co. v. Citizens For A Better Environment*,
    523 U.S. 83 (1998) ................................................................................ 3

*United States v. Am. Home Assur. Co.*,
    789 F.3d 1313 (Fed. Cir. 2015) ........................................................ 5, 6

*United States v. A.N. Deringer*,
    66 C.C.P.A. 50, 593 F.2d 1015 (1978) .............................................. 6, 7

*United States v. Great Am. Ins. Co. of New York*,
    229 F. Supp. 3d 1306 (Ct. Int'l Trade 2017) ...................................... 5

*Washington Int'l Ins. Co. v. United States*,
    16 CIT 599 (1992) ................................................................................ 4

## Statutes, Regulations, and Rules

19 U.S.C. § 1500 ...................................................................................... 5

19 U.S.C. § 1500(e) .................................................................................. 5

19 U.S.C. § 1501 ................................................................................... 5, 6

19 U.S.C. § 1504 ...................................................................................... 5

19 U.S.C. § 1504(d) ............................................................................... 2, 4

19 U.S.C. § 1514 ............................................................................... 3, 4, 6

19 U.S.C. § 1514(a) ......................................................................... 2, 3, 4, 6

19 U.S.C. § 1514(a)(5) ........................................................................... 5, 7

19 U.S.C. § 1514(c)(3) ........................................................................... 3, 4

19 U.S.C. § 1515 ...................................................................................... 3

19 U.S.C. § 1520(c) .................................................................................. 7

28 U.S.C. § 1581(a) ......................................................................... 1, 3, 4, 7

USCIT Rule 12(b)(1) ............................................................................... 1, 3

**Other Authorities**

*Certain Hardwood Plywood Products from the People's Republic of China: Amended Final Determination of Sales at Less than Fair Value, and Antidumping Duty Order*,
   83 Fed. Reg. 504 (Jan. 4, 2018) ................................................................................ 1

*Certain Hardwood Plywood Products from the People's Republic of China: Countervailing Duty Order*,
   83 Fed. Reg. 513 (Jan. 4, 2018) ................................................................................ 1

UNITED STATES COURT OF INTERNATIONAL TRADE

——————————————————————————

|  |  |  |
|---|---|---|
| BRAL CORPORATION, | : | |
| | : | |
| | : | |
| Plaintiff, | : | Court No. 20-00154 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |

——————————————————————————

## **DEFENDANT'S MEMORANDUM IN SUPPORT OF THE PARTIAL MOTION TO DISMISS**

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of International Trade, defendant respectfully requests that the Court sever Entry No. 949-0008813-2 from this action and dismiss all claims related to the entry.  The Court does not have jurisdiction pursuant to 28 U.S.C. § 1581(a) over Entry No. 949-0008813-2 because plaintiff did not protest the final and conclusive reliquidation of the entry.

## **BACKGROUND**

This action covers twelve (12) entries of plywood imported from China by plaintiff, BRAL Corporation (BRAL), at the Port of Cleveland on various dates in 2017 and 2018.  *See* Entries, ECF No. 6.  The imported plywood identified within the entries was subject to antidumping and countervailing duties in accordance with *Certain Hardwood Plywood Products from the People's Republic of China: Amended Final Determination of Sales at Less than Fair Value, and Antidumping Duty Order*, 83 Fed. Reg. 504 (January 4, 2018) (A-570-051) and *Certain Hardwood Plywood Products from the People's Republic of China: Countervailing Duty Order*, 83 Fed. Reg. 513 (January 4, 2018) (C-570-052) (the Orders).  As a result of the Orders,

the liquidation of the entries became suspended by operation of law.  *See American Power Pull Corp. v. United States*, 121 F. Supp. 3d 1296, 1300-02 (Ct. Int'l Trade 2015) (describing the statutory scheme for suspension of liquidation in the antidumping duty system).  The Department of Commerce (Commerce) noticed the lifting of the suspension on April 1, 2019, and liquidation instructions for entries subject to the Orders were provided by Commerce to U.S. Customs and Border Protection (CBP) on April 22, 2019 (Message No. 9112309), May 16, 2019 (Message No. 9136301) and November 5, 2019 (Message No. 9309303).  *See* Messages, attached hereto as Ex. A.

On May 3, 2019, three of BRAL's twelve entries were liquidated by CBP, and on October 25, 2019, BRAL timely filed Protest No. 4101-19-100494 against these liquidations. *See* Entries and Protests, ECF No. 6.

The remaining nine entries, including Entry No. 949-0008813-2, became deemed liquidated by operation of law on October 1, 2019 or on December 2, 2019 pursuant to 19 U.S.C. § 1504(d) because the entries were not liquidated by CBP within six months of the date that CBP received notice of the lifting of the suspension of liquidation.  *See* Entries, ECF No. 6.  On December 20, 2019, CBP reliquidated the nine entries, and on December 23, 2019 BRAL filed Protest No. 4101-19-100808 against the December 20th reliquidations.  *See* Protests and Entries, ECF No. 6.  CBP denied both of BRAL's protests on March 5, 2020.  *See id*.

One entry, Entry No. 949-0008813-2, was again reliquidated by CBP on March 13, 2020. *See* Entries, ECF No. 6.  BRAL did not protest the second reliquidation of this entry, yet it has attempted to challenge the March 13th reliquidation in this court action anyway.  *See* Summons, ECF No. 1.   Because BRAL did not protest the March 13th reliquidation of Entry No. 949-0008813-2, that reliquidation became final and conclusive on all parties in accordance with 19

U.S.C. §§ 1514(a) and 1514(c)(3).  As a consequence of BRAL's failure to protest the March

13th reliquidation, this Court lacks jurisdiction over Entry No. 949-0008813-2.  Accordingly, our

partial motion to dismiss should be granted.

## ARGUMENT

### I.    STANDARD OF REVIEW

When ruling on a motion to dismiss pursuant to USCIT Rule 12(b)(1), the Court's

determination of subject matter jurisdiction is a threshold inquiry.  *Steel Co. v. Citizens For A

Better Environment*, 523 U.S. 83, 94-95 (1998).  Whether to grant a motion to dismiss for lack of

jurisdiction is a question of law.  *JCM Ltd. v. United States*, 210 F.3d 1357, 1359 (Fed. Cir.

2000); *see also Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  Where jurisdiction is challenged

pursuant to Rule 12(b)(1), the burden rests on the plaintiff to prove that jurisdiction exists.

*Pentax Corp. v. Robinson*, 125 F.3d 1457, 1462 (Fed. Cir. 1997), *modified in part*, 135 F.3d 760

(Fed. Cir. 1998) (citation omitted).

### II.    THE COURT LACKS JURISDICTION OVER ENTRY NO. 949-0008813-2

BRAL failed to file a protest against the March 13, 2020 reliquidation of Entry No. 949-

0008813-2.  In its complaint, BRAL alleges that "[t]he subject plywood in its imported condition

was defective."  Compl. ¶ 11.  As a result, BRAL claims that CBP should have reduced the

appraised value of the plywood "to 18% of the original value of the merchandise" and assessed

"*ad valorem* duties and fees on the reappraised value of the merchandise."  Compl. ¶ 22.

Pursuant to 28 U.S.C. § 1581(a), this Court has "exclusive jurisdiction of any civil action

commenced to contest the denial of a protest, in whole or in part," under 19 U.S.C. § 1515.

Section 1515 requires an aggrieved party to file a protest under 19 U.S.C. § 1514.  Pursuant to 19

U.S.C. §§ 1514(a) and 1514(c)(3), certain decisions of CBP become final and conclusive to all

persons unless a protest is filed within 180 days after the date of liquidation or reliquidation. *See* 19 U.S.C. § 1514(c)(3) ("A protest of a decision, order, or finding described in subsection (a) shall be filed with the Customs Service within 180 days after but not before -- (A) date of liquidation or reliquidation,…"). The decisions identified in the statute (which are subject to this rule of finality) include "the appraised value of merchandise" and "the liquidation or reliquidation of an entry." 19 U.S.C. § 1514(a).

If a protest is properly made and denied by CBP, an action to challenge the denial may be filed with this Court pursuant to 28 U.S.C. § 1581(a). "A prerequisite, therefore, to jurisdiction by the court over an action of this nature is a denial of a valid protest." *Washington Int'l Ins. Co. v. United States*, 16 CIT 599, 601 (1992). Accordingly, this Court lacks section 1581(a) jurisdiction over claims that are not properly protested in accordance with 19 U.S.C. § 1514, *i.e.*, within 180 days after the date of liquidation, reliquidation, or other decision as to which a protest is made. *See e.g., Indus. Chemicals, Inc. v. United States*, 335 F. Supp. 3d 1327, 1330 (Ct. Int'l Trade 2018) ("To the extent that Plaintiff contests the liquidation of its entries, its protest was untimely because it was not filed within 180 days of liquidation of its entries. The court does not have jurisdiction over the invalid protest.").

BRAL did not protest the March 13, 2020 reliquidation of Entry No. 949-0008813-2 before commencing this action. Entry No. 949-0008813-2 was entered on January 22, 2018, was then suspended in accordance with the Orders, and became deemed liquidated by operation of law on October 1, 2019 because CBP did not liquidate the entry within the statutory time-period for doing so. *See* Entries, ECF No. 6. 19 U.S.C. § 1504(d) governs deemed liquidations and provides, in relevant part, that "when a suspension required by statute or court order is removed," any entries that remain unliquidated more than six months after CBP receives notice from

4

Commerce of the lifting of the suspension "shall be treated as having been liquidated at the rate

of duty, value, quantity, and amount of duty asserted by the importer of record."

In accordance with 19 U.S.C. § 1501, CBP then reliquidated Entry No. 949-0008813-2

(and eight other entries) on December 20, 2019.  *See* Entries, ECF No. 6.  19 U.S.C. § 1501,

which provides that CBP may reliquidate an entry within ninety (90) days of the original

liquidation, states as follows:

> A liquidation made in accordance with section 1500 or 1504 of this
> title or any reliquidation thereof made in accordance with this
> section may be reliquidated in any respect by U.S. Customs and
> Border Protection, notwithstanding the filing of a protest, within
> ninety days from the date of the original liquidation.  Notice of
> such reliquidation shall be given or transmitted in the manner
> prescribed with respect to original liquidations under section
> 1500(e) of this title.

On December 23, 2019, BRAL protested the December 20th reliquidations, and CBP denied the

protest on March 5, 2020.  *See* Protests, ECF No. 6.

Soon thereafter, on March 13, 2020, CBP reliquidated Entry No. 949-0008813-2 a second

time.  *See* Entries, ECF No. 6.  Although the March 13th reliquidation was made more than 90

days after the original October 1, 2019 deemed liquidation, to properly challenge the second

reliquidation BRAL was required to protest it.  Because BRAL did not, the March 13th

reliquidation became final and conclusive on all parties.  *See United States v. Great Am. Ins. Co.

of New York,* 229 F. Supp. 3d 1306, 1319 (Ct. Int'l Trade 2017) (noting that "in the event CBP

reliquidates an entry pursuant to § 1501, the reliquidation—not the original liquidation—

becomes 'final and conclusive.'  *See id.* § 1514(a)(5)(governing the finality of reliquidations))."

In *United States v. Am. Home Assur. Co.*, 789 F.3d 1313, 1316 (Fed. Cir. 2015) (*AHAC*),

the Government brought a collection action against AHAC, a surety, to recover antidumping

duties and interest owed on two entries made by the importer, JCOF.  CBP had first liquidated

the two entries on June 25, 2004. *Id*. at 1317. Nearly a year later, on June 3, 2005, CBP

reliquidated the entries, well after the 90 day period provided by 19 U.S.C. § 1501. *Id*. AHAC

argued that the untimely June 2005 reliquidations should be considered void for violating 19

U.S.C. § 1501. *Id*. at 1319-20. The U.S. Court of Appeals for the Federal Circuit disagreed and

held that "even though it is undisputed that Customs' 2005 reliquidations were erroneous,

AHAC's failure to challenge those reliquidations in the Court of International Trade resulted in

those liquidations becoming final and conclusive." *Id*. at 1323 (citations omitted). In support of

its decision, the Federal Circuit discussed its earlier precedent, *Juice Farms, Inc. v. United*

*States*, 68 F.3d 1344 (Fed. Cir. 1995), as follows:

> In *Juice Farms*, we directly addressed whether the time limit for
> protests set forth in § 1514(a) "applies to allegedly illegal
> liquidations," such as Customs' 2005 reliquidations of JCOF's
> entries. 68 F.3d at 1345. We held that "all liquidations, whether
> legal or not, are subject to the timely protest requirement" and that
> "[w]ithout a timely protest, all liquidations become final and
> conclusive under 19 U.S.C. § 1514." *Id*. at 1346.

The Federal Circuit's holdings in *AHAC* and *Juice Farms* are a consistent extension of

previous decisions from this Court and the Federal Circuit holding that improper liquidations or

reliquidations are final and conclusive unless timely protested. In *Mitsubishi Elecs. Am. v.*

*United States*, 865 F. Supp. 877, 879 (Ct. Int'l Trade 1994), plaintiff argued that because CBP

"reliquidated the entries more than 90 days after the notice of liquidation, in violation of 19

U.S.C. § 1501… the Court should disregard the illegal reliquidation of the merchandise and

recognize the initial liquidation of the merchandise as the final protestable action by Customs."

This Court disagreed with plaintiff and held as follows:

> An untimely or otherwise illegal reliquidation by Customs is not
> void; it is only voidable. *See e.g.*, *Omni U.S.A., Inc. v. United*
> *States*, 6 Fed. Cir. (T) 99, 103, 840 F.2d 912, 915 (1988); *United*
> *States v. A.N. Deringer*, 66 C.C.P.A. 50, 55, 593 F.2d 1015, 1020

> (1978).  An importer must raise a contention of illegality by filing
> a timely protest against the reliquidation; otherwise, the
> reliquidation will become final and conclusive.  19 U.S.C. §
> 1514(a)(5); *Commonwealth Oil Refining Co. v. United States*, 67
> Cust. Ct. 155, 163, 332 F. Supp. 203, 209 (1971).  Because
> plaintiff did not protest the legality of the reliquidation within 90
> days of the reliquidation, it has become final and conclusive,
> regardless of its timeliness.  The Court will not disregard it.

*Id*. at 879-80; *see also Omni U.S.A., Inc. v. United States*, 840 F.2d 912 (Fed. Cir. 1988) (holding

that CBP's premature and unlawful liquidations became final when the importer failed to file a

timely protest or make a timely request for reliquidation under 19 U.S.C. § 1520(c)).

Based on the foregoing, BRAL has failed to satisfy the jurisdictional prerequisites for

commencing the present action with respect to Entry No. 949-0008813-2.  Although BRAL

timely protested the December 20, 2019 reliquidation of Entry No. 949-0008813-2, it did not

protest the March 13, 2020 reliquidation before bringing this action to challenge that second

reliquidation.  Admittedly, the March 13th reliquidation was made more than 90 days after the

deemed liquidation, but controlling precedent is clear that BRAL was required to protest that

reliquidation in order to challenge the reliquidation before this Court.  Because BRAL did not,

the March 13th reliquidation became final and conclusive, foreclosing all further claims related to

the valuation of its merchandise, the initial liquidation, and the reliquidations of the entry.  As a

result, this Court lacks 28 U.S.C. § 1581(a) jurisdiction over Entry No. 949-0008813-2, and

therefore, the entry should be dismissed from the action.

## **CONCLUSION**

For these reasons, we respectfully request that the Court grant our partial motion to

dismiss.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Justin R. Miller
JUSTIN R. MILLER
Attorney-in-Charge
International Trade Field Office

Of Counsel:                    /s/ Alexander Vanderweide
Sabahat Chaudhary              ALEXANDER VANDERWEIDE
Office of Chief Counsel        Senior Trial Attorney
U.S. Customs & Border Protection   Department of Justice, Civil Division
                               Commercial Litigation Branch
                               26 Federal Plaza, Room 346
                               New York, New York 10278
                               Tel. (212) 264-9230 or 0482
                               Attorneys for Defendant

May 3, 2021

UNITED STATES COURT OF INTERNATIONAL TRADE

| | | |
|---|---|---|
| BRAL CORPORATION, | : | |
| | : | |
| | : | |
| Plaintiff, | : | Court No. 20-00154 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| | : | |

### CERTIFICATE OF COMPLIANCE PURSUANT TO USCIT
### STANDARD CHAMBER PROCEDURE 2(B)

I, Alexander Vanderweide, a Trial Attorney in the Office of the Assistant Attorney General, Civil Division, Commercial Litigation Branch, International Trade Field Office, who is responsible for the foregoing memorandum, relying upon the word count feature of the word processing program used to prepare the brief, certify that this brief complies with the type-volume limitation under USCIT Standard Chamber Procedure 2(B) and contains 2428 words.

/s/ Alexander Vanderweide