Slip Op. 21-80

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| BRAL CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>    Defendant. | Before: Jennifer Choe-Groves, Judge<br><br>Court No. 20-00154 |

### OPINION AND ORDER

[Granting Defendant's Partial Motion to Dismiss.]

Dated: June 29, 2021

Robert Kevin Williams, Clark Hill PLC, of Chicago, IL, for Plaintiff BRAL Corporation.

Justin R. Miller, Attorney-in-Charge, and Alexander J. Vanderweide, Senior Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, N.Y., for Defendant United States. With them on the brief were Brian M. Boynton, Acting Assistant Attorney General, and Jeanne E. Davidson, Director. Of counsel on the brief was Sabahat Chaudhary, Office of Chief Counsel, U.S. Customs and Border Protection.

    Choe-Groves, Judge: Plaintiff BRAL Corporation ("Plaintiff") filed this action pursuant to 28 U.S.C. § 1581(a) contesting the denial of its protests by U.S. Customs and Border Protection ("Customs") concerning the assessment of duties on twelve entries of plywood imported from the People's Republic of China

("China"). See Compl. at 1, ECF No. 7. Defendant United States ("Defendant") filed Defendant's Partial Motion to Dismiss, ECF No. 11 ("Defendant's Motion"), on May 3, 2021. Defendant requests that the court dismiss one of the twelve entries, Entry No. 949-0008813-2, for lack of subject matter jurisdiction under USCIT Rule 12(b)(1) and 28 U.S.C. § 1581(a). See Def.'s Mem. Supp. Partial Mot. Dismiss at 1, ECF No. 11 ("Def. Mem."). Plaintiff did not file a response to Defendant's Motion. For the following reasons, the court grants Defendant's Motion to dismiss Entry No. 949-0008813-2.

## BACKGROUND

This action concerns twelve entries of plywood imported from China by Plaintiff between 2017 and 2018. See Summons at 1–3, ECF No. 1. Customs liquidated three of Plaintiff's entries on May 3, 2019. Def. Mem. at 2. Plaintiff filed Protest No. 4101-19-100494 on October 25, 2019. See Summons at 3. Customs denied the protest on March 5, 2020. Id.

The remaining nine entries, including Entry No. 949-0008813-2, were deemed liquidated by operation of law. See Def. Mem. at 2; Entries, ECF No. 6. Customs reliquidated these nine entries on December 20, 2019 ("December 20 Reliquidation"). Id.; see Summons at 3. Plaintiff filed Protest No. 4101-19-100808 against these reliquidations on December 23, 2019. See Summons at 1–3. Customs denied the protest on March 5, 2020. Id. Customs reliquidated one entry,

Entry No. 949-0008813-2, again on March 13, 2020 ("March 13 Reliquidation"). See Def. Mem. at 2; Summons at 1. Plaintiff did not protest the March 13 Reliquidation of Entry No. 949-0008813-2. See Summons at 1; Def. Mem. at 5.

## JURISDICTION

The U.S. Court of International Trade, like all federal courts, is one of limited jurisdiction and is "presumed to be 'without jurisdiction' unless 'the contrary appears affirmatively from the record.'" DaimlerChrysler Corp. v. United States, 442 F.3d 1313, 1318 (Fed. Cir. 2006) (quoting King Iron Bridge & Mfg. Co. v. Otoe Cnty., 120 U.S. 225, 226 (1887)). The party invoking jurisdiction must allege sufficient facts to establish the court's jurisdiction independently for each claim asserted. Id. at 1318–19 (citing McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936)); see also Norsk Hydro Can., Inc. v. United States, 472 F.3d 1347, 1355 (Fed. Cir. 2006). If the court determines at any time that it lacks subject matter jurisdiction, it must dismiss the action. See USCIT R. 12(h)(3).

## DISCUSSION

Plaintiff filed this action asserting jurisdiction under 28 U.S.C. § 1581(a). See Compl. at 1. Defendant asserts that the court lacks subject matter jurisdiction over Entry No. 949-0008813-2 because Plaintiff did not protest the March 13 Reliquidation of the entry. Def. Mem. at 1. Defendant requests that the court

sever and dismiss Entry No. 949-0008813-2 from this action under USCIT R. 12(b)(1).  Id.

Pursuant to 28 U.S.C. § 1581(a), the U.S. Court of International Trade has "exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930."  28 U.S.C. § 1581(a).  A party may protest a decision made by Customs within 180 days after the date of liquidation or reliquidation of the entry.  19 U.S.C. § 1514(c)(3)(A).  The statute directs Customs to assess the protest in a timely manner.  See 19 U.S.C. § 1515.  Jurisdiction under § 1581(a) is conditioned upon the denial of a protest challenging a decision made by Customs that is filed in accordance with 19 U.S.C. § 1514.  If an importer does not avail itself of the protest process, the decision made by Customs "shall be final and conclusive upon all persons," 19 U.S.C. § 1514(a), and judicial review is statutorily precluded.  See 28 U.S.C. § 1581(a); see also Hartford Fire Ins. Co. v. United States, 544 F.3d 1289, 1292 (Fed. Cir. 2008).

When Customs reliquidates entries, the reliquidation vacates and is substituted for the original liquidation.  Sparks Belting Co. v. United States, 34 CIT 662, 667 (2010); see also United States v. Great Am. Ins. Co., 41 CIT __, __, 229 F. Supp. 3d 1306, 1319 (2017); AutoAlliance Int'l, Inc. v. United States, 357 F.3d 1290, 1294 (Fed. Cir. 2004) (stating that "the original liquidation is nullified

only as to the question with which the reliquidation dealt") (internal quotation marks and citation omitted).  A party must protest Customs' reliquidation of entries as a prerequisite to seeking judicial review of the reliquidation.  See Sparks Belting, 34 CIT at 667; SSk Indus. v. United States, 24 CIT 319, 323 (2000).  Failure to protest reliquidation renders the reliquidation final and conclusive and unreviewable by this Court.  See Sparks Belting, 34 CIT at 667–68 (citing Mitsubishi Elecs. Am., Inc. v. United States, 18 CIT 929, 931 (1994)); see also United States v. Am. Home Assurance Co., 789 F.3d 1313, 1323 (Fed. Cir. 2015) (stating that the importer was required to challenge reliquidations to prevent them from becoming final and conclusive regardless of whether the reliquidations were legal).

   In this case, Customs denied Plaintiff's protest of the December 20 Reliquidation of Entry No. 949-0008813-2.  See Summons at 1.  Entry No. 949-0008813-2 was reliquidated again on March 13, 2020.  See id.  When Customs reliquidated Entry No. 949-0008813-2, the March 13 Reliquidation vacated and was substituted for the original liquidation (i.e. the December 20 Reliquidation).  Plaintiff did not protest the March 13 Reliquidation.  Plaintiff seeks judicial review of the March 13 Reliquidation of Entry No. 949-0008813-2.  See id.  Because Plaintiff did not protest the March 13 Reliquidation, Plaintiff has not met the prerequisite to obtain judicial review before this court.  The unprotested March 13

Reliquidation of Entry No. 949-0008813-2 is final and conclusive and is unreviewable by this court.

## CONCLUSION

For the foregoing reasons, the court concludes that it lacks subject matter jurisdiction under 28 U.S.C. § 1581(a) over Entry No. 949-0008813-2 because there was no protest, and no protest denial, of the March 13 Reliquidation of the entry. Accordingly, it is hereby

**ORDERED** that Defendant's Partial Motion to Dismiss, ECF No. 11, is granted; and it is further

**ORDERED** that Entry No. 949-0008813-2 is severed and dismissed from this action.

/s/   Jennifer Choe-Groves
Jennifer Choe-Groves, Judge

Dated:   June 29, 2021
         New York, New York