UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| BRAL CORPORATION,<br><br>                 Plaintiff,<br><br>                 v.<br><br>UNITED STATES,<br><br>                 Defendant. | Court No. 20-00154 |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

 

R. Kevin Williams
CLARK HILL PLC
130 E. Randolph St., Suite 3900
Chicago, IL 60601
Tel. (312) 985-5900
Attorneys for Plaintiff BRAL Corporation

June 3, 2022

## **TABLE OF CONTENTS**

Table of Contents ................................................................................................................. i

Table of Authorities ............................................................................................................ ii

Issue Presented .....................................................................................................................1

Statement of Facts ................................................................................................................1

Standard of Review ..............................................................................................................2

Summary of Argument ........................................................................................................3

Argument ..............................................................................................................................4

Conclusion ............................................................................................................................7

Certificate of Compliance ....................................................................................................8

## **TABLE OF AUTHORITIES**

**Cases**

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970) .......................................................................... 3

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986). .................................................................... 3

*Fabil Mfg. v. United States*, 237 F.3d 1335 (Fed.Cir.2001) ........................................................ 5, 6

*Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000) ....................... 2

*Saab Cars USA, Inc. v. United States*, 434 F.3d 1359 (Fed. Cir. 2006) ................................. 3, 4, 5

*Samsung Elecs. Am. v. United States*, 106 F.3d 376 (Fed. Cir. 1997) ........................................ 3, 5

*Samsung Elecs. Am. v. United States*,195 F.3d 1367 (Fed. Cir. 1999) ....................................... 3, 5

**Statutes**

19 U.S.C. § 1401a(a)(1)(A) ............................................................................................................. 3

19 U.S.C. § 1401a(b) ...................................................................................................................... 4

**Regulations**

19 CFR § 158.12(a) ..................................................................................................................... 1, 4

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

In accordance with Rule 56 of the Rules of the United States Court of International Trade ("USCIT Rule"), this memorandum of Points and Authorities is submitted to support Plaintiff-Bral Corporation's ("Bral") Motion for Summary Judgment. The memorandum provides facts and reasons regarding the appraisement, in liquidation, of certain entries of plywood imported into the United States from China.

### ISSUE PRESENTED

The specific issue in this litigation is whether the plywood imported by Bral should have been appraised with an allowance made in the value due to a latent defect discovered after the importation of the merchandise pursuant to Section 158.12(a) of the Customs Regulations (19 CFR § 158.12(a)).

### STATEMENT OF FACTS

A Rule 56.3 Statement of Material Facts Not in Dispute is annexed to this memorandum. The facts relevant to this motion are summarized below.

Bral imported melamine coated plywood from China into the United States. Rule 56.3 Statement at ¶¶ 1-2. Bral sold the plywood to Transglobal, Incorporated ("Transglobal") for use in the manufacture of roll-up doors. Rule 56.3 Statement at ¶¶ 3-4.

The plywood was to be manufactured according to the specifications developed by Bral and Transglobal with the manufacturer. Rule 56.3 Statement at ¶¶ 6-7. The initial shipments were tested extensively by Transglobal. Rule 56.3 Statement at ¶¶ 9-11.

Production quantities of the plywood were ordered after the initial shipments performed well in field test. Rule 56.3 Statement at ¶ 12-13. In July 2017, Transglobal began using the new

shipments of plywood to manufacture goods and sold them to customers. Rule 56.3 Statement at ¶ 14.

In the spring of 2018, Transglobal learned that the doors were failing in alarming numbers. Rule 56.3 Statement at ¶ 15. The melamine coating was peeling away from the plywood, which lead to plywood delamination from exposure to the elements. Rule 56.3 Statement at ¶ 16. Transglobal immediately halted use of the imported plywood. Rule 56.3 Statement at ¶ 17. The manufacturer eventually confessed that it had substituted a lower quality glue. Rule 56.3 Statement at ¶ 18.

The presence of the melamine coating on the plywood remaining in Transglobal's inventory renders it useless for as construction material. Rule 56.3 Statement at ¶ 19. The plywood can only be used by Transglobal for crating and skids in its facility. *Id.*

The value adjustment claimed by Bral is based on the price Transglobal would pay at the local lumberyard to purchase material for crates and skids. Rule 56.3 Statement at ¶ 21. The lumberyard price was determined to be 18% of the appraised value in liquidation. *Id.*

## STANDARD OF REVIEW

Summary judgment is appropriate where the "movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law" USCIT Rule 56. To obtain summary judgment, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim . . . or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party meets its initial burden of production, the nonmovant must "produce enough evidence to create a genuine issue of material fact." *Id.* at 1102-03.

"Material" facts are those that might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). There is a "genuine" dispute of material fact if there is sufficient evidence for a reasonable factfinder to find for the plaintiff in light of the appropriate evidentiary burden. *Id.* at 251-54. A party opposing a motion for summary judgment may not rest upon mere allegations or denials, but must point to specific and sufficient evidence of the claimed differences to require that the facts be established at trial. *Id.* at 248-49. In determining sufficiency, the "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. Even where basic facts are undisputed, if reasonable minds could differ as to the inferences to be drawn from those facts, summary judgment should be denied. See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

## SUMMARY OF ARGUMENT

Bral entered the merchandise covered by the protested entries based on transaction value pursuant to 19 U.S.C. § 1401a(a)(1)(A) and deposited general, antidumping and countervailing duties at the rates in effect on the entry date. U.S. Customs and Border Protection ("CBP") subsequently liquidated the entries at the entered value.

Bral timely filed a protest against the liquidation of the entries claiming an adjustment to the appraised value pursuant to Section 158.12(a) of the Customs Regulations (19 CFR § 158.12(a)) because of the latent defect discovered in the merchandise after importation. CBP denied the protest.

Bral satisfied the three requirements for a claim under Section 158.12(a). *Saab Cars USA, Inc. v. United States*, 434 F.3d 1359 (Fed. Cir. 2006), *citing Samsung Elecs. Am. v. United States*, 106 F.3d 376, 279-80 (Fed. Cir. 1997) and *Samsung Elecs. Am. v. United States*,195 F.3d 1367, 1368-69 (Fed. Cir. 1999). First, Bral purchased plywood that was free of defects. Second,

3

the defective merchandise is directly linked to the specific entries at issue in this case. And third, Bral has established the value allowance for the merchandise. The fact that the defect was not identified until after importation is irrelevant. Section 158.12(a) permits allowances in value for goods having a latent defect at the time of importation. *Saab Cars USA, Inc. v. United States*, 434 F.3d 1359 (Fed. Cir. 2006).

For the reasons discussed in this memorandum, Bral argues that it is entitled to the value adjustment claimed in the protest.

## ARGUMENT

The principal basis for the appraisement of goods imported into the United States is its "transaction value" which is defined at 19 U.S.C. § 1401a(b) as "the price actually paid or payable for the merchandise when sold for exportation to the United States." The "price paid or payable" is typically the invoice price of the goods. There is no dispute in this case that transaction value was the appropriate basis of appraisement for the imported plywood.

However, section 158.12(a) of the Customs Regulations (19 CFR § 158.12(a)) provides that—

> Merchandise which is subject to ad valorem or compound duties and found by the port director to be partially damaged at the time of importation shall be appraised in its condition as imported, with an allowance made in the value to the extent of the damage.

If the plywood imported by Bral is defective, this provision is applicable because the merchandise was subject to ad valorem duties (general, antidumping and countervailing) at the time of importation.

The Court of Appeals for the Federal Circuit has established three requirements for an importer to claim an allowance under section 158.12(a). "The importer must (1) show that it contracted for "defect-free" merchandise; (2) link the defective merchandise to specific entries;

4

and (3) prove the amount of the allowance for each entry." *Saab Cars USA, Inc. v. United States*, 434 F.3d 1359, 1363 (Fed. Cir. 2006), *citing Samsung Elecs. Am. v. United States*, 106 F.3d 376, 279-80 (Fed. Cir. 1997) and *Samsung Elecs. Am. v. United States*, 195 F.3d 1367, 1368-69 (Fed. Cir. 1999).

In *Saab Cars* the CAFC also noted that—

> In some cases, of course, one or more of these factors may be readily inferred from the relevant facts and circumstances, and not require affirmative proof. *See, e.g.*, *Fabil Mfg. v. United States*, 237 F.3d 1335, 1339 (Fed.Cir.2001) (holding that an importer need not affirmatively demonstrate linkage between specific entries and defective merchandise where the importer alleged that all merchandise in the covered entries was defective.).

*Saab Cars*, *supra*, 434 F.3d at 1363.

The fact that the plywood was not obviously defective at the time of entry is irrelevant. Section "158.12, by its terms, permits allowances for 'goods partially damaged when imported, whenever that damage is discovered.'" *Id.*, 434 F.3d at 1371.

The facts set forth in Bral's Rule 56.3 Statement of Material Facts Not in Dispute clearly meet the requirements for a valid defective merchandise value allowance.

    1) <u>*Bral contracted for defect free merchandise.*</u>

It can be readily inferred from the facts and circumstances of this case that Bral expected the plywood manufacturer to deliver defect free plywood. This is clear from the deposition testimony discussing the process used by Bral and Transglobal to develop the merchandise.

Beginning in 2015, Mr. Keith Dunbar began the process to locate and select a supplier in China who could make a high-quality product at an acceptable price. *See* Rule 56.3 Statement at ¶ 6, Exhibit E. In 2016, this process had advanced to the point where small shipments were imported for testing at Transglobal. *See* Rule 56.3 Statement at ¶ 8, Exhibit G. This testing included the installation doors made with the imported plywood on vehicles used in the vicinity

5

of Transglobal's facilities. *See* Rule 56.3 Statement at ¶ 9, Exhibit G. This allowed Transglobal personnel to monitor the performance of the products under actual environmental conditions. *See* Rule 56.3 Statement at ¶ 10, Exhibit G.

When the roll-up doors performed well in these tests, Bral and Transglobal ordered larger quantities of the product for use in production. *See* Rule 56.3 Statement at ¶ 12, Exhibit H. The obvious expectation was that the manufacturer would produce plywood to the same standard as for the previous shipments. *See* Rule 56.3 Statement at ¶ 13, Exhibit H. These shipments began arriving in May 2017 and went into production July 2017. *See* Rule 56.3 Statement at ¶ 14, Exhibit I.

2) *Bral linked the defective merchandise to specific entries.*

Bral imported no plywood products other than those involved in this litigation. Transglobal presented inventory records showing the receipt of the plywood into its inventory and the withdrawals for use in production. *See* Rule 56.3 Statement at 25¶, Exhibit Q. These records also show the quantity of plywood remaining in inventory after production was halted. *See* Rule 56.3 Statement at ¶¶ 25-26, Exhibit Q.

It is also clear that all the plywood imported after May 2017 was defective. Thus, the need to identify specific products to specific entries is not required. *Fabil Mfg. v. United States*, 237 F.3d 1335, 1339 (Fed.Cir.2001). That is, the merchandise imported on the protested entries is linked to the defect and is eligible for a value adjustment.

3) *Bral proved the amount of the allowance for each entry.*

Bral is entitled to an allowance for all the merchandise imported on each entry. The amount of the allowance should be a reduction of the value appraised in liquidation to 18% of the original price paid or payable. This amount was determined as the value to Transglobal for

6

using the imported merchandise to build crates and skids. *See* Rule 56.3 Statement at ¶ 21, Exhibit O.

## **CONCLUSON**

For the reasons set forth herein, Plaintiff requests that this Court issue an order (i) granting Plaintiff's Motion for Summary Judgment, (ii) ordering that the subject merchandise be reappraised to a value equal to 18% of the original appraised value, (iii) ordering the assessment of ad valorem duties (general, antidumping and countervailing) be assessed on the reappraised value of the merchandise, and (iv) ordering the refund of all excess duties and fees plus interest as provided by law.

Respectfully submitted,

CLARK HILL PLC

 */s/ R. Kevin Williams*
R. Kevin Williams
130 E. Randolph St., Suite 3900
Chicago, IL 60601
Tel. (312) 985-5900
Attorneys for Plaintiff BRAL Corporation

Dated: June 3, 2022

**CERTIFICATE OF COMPLIANCE**

Pursuant to Chamber Procedure 2(B)(1), the undersigned certifies that this brief complies with the word limitation requirement. The word count for Plaintiff Bral Corporation's Memorandum of Points and Authorites in Support of Plaintiff's Motion for Summary Judgment, as computed by Clark Hill's word processing system Microsoft Office Word for Office 365 is 2,215 words, less than the 14,000 word limit.

      /s/ R. Kevin Williams_____
R. Kevin Williams
130 E. Randolph St., Suite 3900
Chicago, IL 60601
Tel. (312) 985-5900
Attorneys for Plaintiff BRAL Corporation