UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| BRAL CORPORATION, | : |
| Plaintiff, | : Court No. 20-00154 |
| v. | : |
| UNITED STATES, | : |
| Defendant. | : |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

Of Counsel:
Sabahat Chaudhary
Office of the Assistant Chief Counsel
International Trade Litigation
U.S. Customs and Border Protection

ALEXANDER VANDERWEIDE
Senior Trial Counsel
Civil Division, U.S. Dept. of Justice
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
Tel. (212) 264-0482
Attorneys for Defendant

Dated: October 3, 2022

# TABLE OF CONTENTS

ARGUMENT ................................................................................................................ 2

  I.  BRAL HAS NOT ESTABLISHED THAT ITS IMPORTED PLYWOOD
      IS ENTITLED TO AN ALLOWANCE REDUCING ITS VALUE ............................... 2

CONCLUSION .......................................................................................................... 4

# TABLE OF AUTHORITIES

**Cases**

*Fabil Mfg. Co. v. United States*,
237 F.3d 1335 (Fed. Cir. 2001) ............................................................................... 4

*Saab Cars USA, Inc. v. United States*,
434 F.3d 1359 ......................................................................................................... 1

*Samsung Elecs. Am. v. United States*,
106 F.3d 376 (Fed. Cir. 1997) ....................................................................... 1, 2, 3

*Samsung Elecs. Am. v. United States*,
195 F.3d 1367 (Fed. Cir. 1999) .......................................................................... 2, 4

**Regulations**

19 C.F.R. § 158.12(a) ............................................................................................. 1

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| BRAL CORPORATION, | |
| Plaintiff, | Court No. 20-00154 |
| v. | |
| UNITED STATES, | |
| Defendant. | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Defendant, United States (the Government), respectfully submits this memorandum in reply to plaintiff's, Bral Corporation (Bral), opposition (Pl. Opp.) to our cross-motion for summary judgment.

In our cross-motion, we demonstrated that U.S. Customs and Border Protection (CBP) correctly appraised Bral's imported "fancy" plywood because Bral is unable to satisfy any of the three *Samsung* prongs of a valid claim for an allowance in value pursuant to 19 C.F.R. § 158.12(a). Section 158.12(a) provides, in relevant part, as follows:

> Allowance in value. Merchandise which is subject to ad valorem or compound duties and found by the port director to be partially damaged at the time of importation shall be appraised in its condition as imported, with an allowance made in the value to the extent of the damage…

Under *Samsung*, to successfully claim an allowance under Section 158.12(a) an importer must "(1) show that it contracted for 'defect-free' merchandise; (2) link the defective merchandise to specific entries; and (3) prove the amount of the allowance for each entry." *Saab Cars USA, Inc. v. United States*, 434 F.3d 1359, 1363-64 (citing *Samsung Elecs. Am. v. United States*, 106 F.3d

376, 379-80 (Fed. Cir. 1997) (*Samsung I*) and *Samsung Elecs. Am. v. United States*, 195 F.3d 1367, 1368-69 (Fed. Cir. 1999) (*Samsung II*)).

In our cross-motion, we explained that Bral has not shown that it contracted with the China-based plywood manufacturer for defect-free merchandise as no contracts, specifications, purchase orders, or other documents exist that detail the specific quantities, components, and performance qualities of the imported plywood (first *Samsung* prong). Nor has Bral demonstrated what portion, if any, of its imported plywood is defective, that any defects claimed actually existed at the time of importation, and that any known defective plywood is linked to the specific entries at issue (second *Samsung* prong). And Bral has neglected to provide any specific documentation to support its claim that all of the imported plywood should be reappraised at 18 percent of the value that it was appraised by CBP upon liquidation (third *Samsung* prong).

## ARGUMENT

**I.    BRAL HAS NOT ESTABLISHED THAT ITS IMPORTED PLYWOOD IS ENTITLED TO AN ALLOWANCE REDUCING ITS VALUE**

In its opposition, Bral admits that it has not produced any documents that specify the quantity, sizes, components, specifications, and requirements of the imported plywood. *See* Pl. Opp. at 2; Pl. Resp. to Def. Statement of Fact No. 10. Nonetheless, Bral maintains, without evidentiary citation or support, that it, its customer Transglobal Door, Inc. (Transglobal), and the plywood manufacturer "developed the specifications for the imported plywood over a significant period of time which lead to the importation of samples for testing by Transglobal and the eventual importation of production quantities of the plywood. This is a course of dealing which clearly resulted in an agreement between the parties to produce defect free products." Pl. Opp. at 2. Bral's reply casually elides the critical information necessary to establish that it contracted for defect-free merchandise, namely the set "specifications" that were purportedly developed, the

exact nature and performance requirements of the "production quantities of the plywood" imported, and any evidence that Bral entered into an "agreement."

In an attempt to sidestep these evidentiary omissions, Bral cites *Samsung I* for the proposition that "it makes no commercial sense for [Bral] to purposely deal in defective goods." Pl. Opp. at 2 (citing *Samsung I*, 106 F.3d at 379). Presumably, no reasonable party would specifically contract for defective merchandise, but for the first prong of the *Samsung* test to have any meaning, Bral should be able to show, at the bare minimum, that it (1) entered into a contract with the overseas plywood manufacturer (2) for a plywood product of specific components and qualities that is to perform in a required manner. *See generally Samsung I*, 106 F.3d at 379 (citation omitted). But Bral has not even met this low bar. That an unspecified amount of Bral's imported plywood may have failed to performed well when manufactured into truck replacement doors or panels does not mean that Bral actually entered into a contract for plywood without the alleged latent defect that it purports to now exist.

Bral has also failed to substantively respond to the showing in our cross-motion that, on account of the dates and number of Transglobal's warranty claims and its inventory records, Bral cannot establish what portion, if any, of the imported plywood is actually defective and link any known defective plywood to the specific entries at issue. Indeed, Bral does not meaningfully contest our analysis of the warranty claims' relevance to the imported plywood at issue. *See* Pl. Resp. to Def. Statement of Fact Nos. 22, 23, 32, and 33. Instead, Bral contends that it would have been commercially indefensible to not discontinue the production of Transglobal's replacement doors and panels made with the imported plywood. Pl. Opp. at 2-3. But the issue before the Court with respect to the second *Samsung* prong is not Bral's or Transglobal's business decisions, or when Transglobal should or should not have discontinued its door and

3

panel production, but rather, whether any defective merchandise was actually imported in the specific entries at issue—which Bral has not shown.

Finally, Bral makes no attempt to set forth any specific documentary evidence to support its claim that all of the imported plywood should be reappraised at 18 percent of the value that it was appraised by CBP upon liquidation. Nor could it. *See* Pl. Resp. to Def. Statement of Fact No. 34. Instead, Bral challenges the Government for not "present[ing] any evidence of an alternative value for the defective merchandise[.]" Pl. Opp. at 3. But it is not the Government's burden to propose an alternative valuation; CBP has already appraised the imported merchandise without a reduction in its entered value. Rather, the burden is on Bral to establish the value of its Section 158.12(a) allowance claim. *See Samsung II,* 195 F.3d at 1371 (finding that the importer's proof did not demonstrate which "entries contained merchandise that was defective, or the value of the defects of a given entry."); *Fabil Mfg. Co. v. United States*, 237 F.3d 1335, 1339 (Fed. Cir. 2001) (stating that the importer's allowance claim is to be made by a preponderance of evidence).

Bral has failed to provide documentary evidence to satisfy the *Samsung* criteria for an allowance in the value of the entries at issue. Instead, Bral's allowance claim rests upon unsupported conclusory statements. Consequently, Bral's claim must be rejected.

## CONCLUSION

For these reasons, we respectfully request that the Court grant our cross-motion for summary judgment and deny Bral's motion for summary judgment.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

4

|  |  |  |
|---|---|---|
|  |  | PATRICIA M. McCARTHY<br>Director |
|  | By: | /s/ Justin R. Miller<br>JUSTIN R. MILLER<br>Attorney-In-Charge<br>International Trade Field Office |
| Of Counsel: |  |  |
| Sabahat Chaudhary<br>Office of the Assistant Chief Counsel<br>International Trade Litigation<br>U.S. Customs and Border Protection |  | /s/ Alexander Vanderweide<br>ALEXANDER VANDERWEIDE<br>Senior Trial Counsel<br>Civil Division, U.S. Dept. of Justice<br>Commercial Litigation Branch<br>26 Federal Plaza<br>New York, New York 10278<br>Tel. (212) 264-9230 or 0482<br>Attorneys for Defendant |
| Dated: October 3, 2022 |  |  |

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| BRAL CORPORATION, | |
| Plaintiff, | Court No. 20-00154 |
| v. | |
| UNITED STATES, | |
| Defendant. | |

## CERTIFICATE OF COMPLIANCE PURSUANT TO USCIT STANDARD CHAMBER PROCEDURE 2(B)

I, Alexander Vanderweide, a Senior Trial Counsel in the Office of the Assistant Attorney General, Civil Division, Commercial Litigation Branch, International Trade Field Office, who is responsible for the foregoing reply brief, relying upon the word count feature of the word processing program used to prepare this brief, certify that this reply brief complies with the type-volume limitation under USCIT Standard Chamber Procedure 2(B) and contains 1196 words.

/s/ Alexander Vanderweide